### DUNNING v. GAIGE.

MORTGAGES—REDEMPTION—SURETY—WANT OF EQUITY.

Complainant's husband purchased a lot subject to a mortgage which he assumed and agreed to pay. Defendant was an indorser upon the note secured by the mortgage. Upon foreclosure sale, complainant gave a mortgage upon her land to secure the deficiency and $700 borrowed money. This mortgage was also foreclosed and the land purchased by defendant. Complainant sought to redeem upon the payment of the $700 and interest, claiming that by the sale of her property the defendant's debt was paid by her and she should be subrogated to the mortgagee's claim against defendant. *Held,* that she was surety for her husband whose duty it was to pay the debt, and her bill was without equity.

Appeal from Wayne; Hosmer, J. Submitted April 14, 1904. (Docket No. 58.) Decided July 7, 1904.

Bill by Anna L. Dunning against Joseph M. Gaige to redeem from the foreclosure of a certain mortgage. From a decree dismissing the bill, complainant appeals. Affirmed.

*John J. Speed,* for complainant.

*Elbridge F. Bacon,* for defendant.

HOOKER, J. On May 29, 1885, Mary E. Gaige gave to Mary E. Barnard a note and mortgage for $7,000 on what we will call the "Canfield Lot." The note was indorsed by her husband, Joseph M. Gaige. On March 19, 1892, Mary E. Gaige sold the Canfield lot to William H. Dunning, and he assumed and agreed to pay the $7,000 mortgage. October 4, 1892, William H. Dunning sold this property to Isabella F. Nall, who agreed to assume and pay this mortgage. On December 29, 1896, Mary E. Barnard brought a suit to foreclose this mortgage, and on May 25, 1898, a decree for the sale of the land was entered, and it was further adjudicated that defendants Mary E. Gaige and Joseph M. Gaige were liable for the mortgage debt, and for any deficiency that should be reported, as sureties for William H. Dunning and Isabella F. Nall, and that they should pay to Joseph M. and Mary E. Gaige any sum or sums that they should be required to pay upon said mortgage debt or deficiency. On August 19, 1898, the property was sold to Joseph M. Gaige for $4,019.93. At the time said decree was entered, William H. Dunning was owner of the land involved in this suit, which may be called the "Joy Lot," said to be worth several thousand dollars. There was a mortgage upon it for $700. Seven days after the report of a deficiency was made, he deeded this property to his wife, Anna L. Dunning, the complainant in this case.

On the 3d of September, 1898, Mr. and Mrs. Dunning gave their promissory note to Mrs. Barnard for $4,747.85. Seven hundred dollars of this sum was money loaned by Mrs. Barnard to Mrs. Dunning, and was used to pay the existing mortgage upon the Joy lot. The remainder was to secure the payment of the deficiency reported upon the foreclosure of the Canfield mortgage, which William H. Dunning had agreed to pay. Mrs. Barnard foreclosed

the Joy mortgage, and Joseph M. Gaige bid in the property at the sale on October 4, 1901, for $5,812.47, and the sale was duly confirmed. Three days before the expiration of the time for redemption, Mrs. Dunning filed the bill in this cause, and an injunction was issued restraining defendant from taking any proceedings to obtain possession of the premises under the commissioner's deed. The bill asks that complainant be permitted to redeem on payment of the $700 borrowed money and interest, claiming that, by the sale of her property on foreclosure, Gaige's debt was paid by her, and that she is entitled to be subrogated to Mrs. Barnard's claim against Gaige.

We think that the bare statement of the facts in this case shows the want of equity in the complainant's claim. As surety for her husband, whose duty it was (as between himself and Gaige) to pay this debt, she has paid the same. She now seeks to make Gaige reimburse her. That she has a valid claim against her husband, if not against Isabella Nall, is perhaps true.

The decree is affirmed, with costs.

MOORE, C. J., CARPENTER and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.